UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL KEVIN HESTER,<br><br>                      Plaintiff,<br><br>       vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>                  Defendants. | Case No.:  3:26-cv-1062-CAB-MMP<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE** |

Terrell Kevin Hester ("Plaintiff") is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983.  [Doc. No. 1.]  Plaintiff has not paid the civil filing fee nor filed a motion to proceed *in forma pauperis* ("IFP").  For the reasons stated below, the action is **DISMISSED WITHOUT PREJUDICE**.

**I.    LEGAL STANDARD**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$405. *See* 28 U.S.C. § 1914(a)[1]. An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to commence his suit IFP, he remains obligated to pay the full filing fee pursuant to 28 U.S.C. § 1915(b)(1) & (2), although financially qualified prisoners may do so in installments. *See Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (the fee provisions of § 1915(b) do not bar access to the courts simply because a prisoner lacks the funds to pay the initial filing fee; the litigant may proceed, with the fee collected over time as funds become available.).

## II.    DISCUSSION

Plaintiff has not prepaid the $405 in filing and administrative fees required to commence this civil action, nor has he submitted a motion to proceed IFP pursuant to 28 U.S.C. § 1915(a). Although the Court has received a copy of Plaintiff's inmate trust account statement, [*see* Doc. No. 2], and Plaintiff has attached a copy of an unsigned and undated state application to waive fees to the complaint, [*see* Doc. No. 1-2 at 24–27], these documents are not sufficient under the Court's local rules. *See* CivLR 3.2(a) (requiring declaration of assets to be signed under penalty of perjury). Therefore, this case cannot yet proceed. *See* 28 U.S.C. § 1914(a).

## III.    CONCLUSION

For the reasons set forth above, the Court:

(1)    **DISMISSES** this action *sua sponte* **WITHOUT PREJUDICE** for failure to pay the $405 civil filing and administrative fee or to submit a motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a), 1915(a) and CivLR 3.2(a); and

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).

(2)    **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to: (a) prepay the entire $405 civil filing and administrative fee in full; or (b) complete and file a motion to proceed IFP.  *See* 28 U.S.C. § 1915(a)(2); CivLR 3.2.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."  If Plaintiff fails to either prepay the $405 civil filing fee or complete and submit a motion to proceed IFP within 45 days, this action will remain dismissed without prejudice based on Plaintiff's failure to satisfy the fee requirements of 28 U.S.C. Section 1914(a) and without further Order of the Court.[2]

**IT IS SO ORDERED.**

Dated:  April 13, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] Plaintiff is cautioned that if he elects to proceed further—either by prepaying the full $405 civil filing fee or by submitting a properly supported motion to proceed IFP—his complaint will be screened before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915A(b) and/or 1915(e)(2)(B). *See Hebrard v. Nofziger*, 90 F.4th 1000, 1002 (9th Cir. 2024) (noting that § 1915(e) requires courts to dismiss complaints that fail to state a claim, whether *sua sponte* or otherwise); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening under § 1915A for prisoner complaints seeking redress from governmental entities, their officers or employees).  If the complaint is dismissed as frivolous, malicious, or for failure to state a claim, the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). *See Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019).  Section 1915(g)—the Prison Litigation Reform Act's "three strikes" provision—bars a prisoner from proceeding IFP after three prior dismissals on those grounds unless he plausibly alleges that he was under imminent danger of serious physical injury at the time of filing.

3:26-cv-1062-CAB-MMP