UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

TERRELL KEVIN HESTER,
CDCR #BN-7728,
Plaintiff,

vs.

CDCR, et al.,
Defendants.

Case No.: 3:26-cv-1062-CAB-MMP

**ORDER:**

**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, [Doc. No. 5], and**

**2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, [Doc. No. 1].**

On February 11, 2026, Plaintiff Terrell Kevin Hester, a state prisoner housed at the R. J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. No. 1 ("Complaint").] Because Plaintiff neither paid the filing fee nor submitted a motion to proceed in forma pauperis ("IFP"), the Court dismissed this action without prejudice. [Doc. No. 4.] Plaintiff has now filed a motion to proceed IFP. [Doc. No. 5.]

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1) & (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *see Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his trust account statement attested to by a CDCR trust account official. [Doc. No. 5 at 4.] The document shows he had an average monthly balance of $45.16 and average monthly deposits of $45.24, with an available balance of $0.02. [*Id.*]

The Court **GRANTS** Plaintiff's motion to proceed IFP and assesses no initial partial filing fee. *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Plaintiff remains obligated to pay the $350 fee pursuant to the installment provisions of 28 U.S.C. § 1915(b)(1).

///

///

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### a. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (citing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

///

///

**b. Allegations in the Complaint**

Plaintiff was convicted in 1989 of kidnapping and murder and sentenced to life in prison with the possibility of parole. [Doc. No. 1-2 at 15.] A classification committee of the California Department of Corrections and Rehabilitation ("CDCR") added an R suffix to Plaintiff's custody designation because he had been charged with rape. [*See Id*. at 6.] While housed at RJD in 2025, Plaintiff filed an inmate grievance challenging the R suffix, claiming he was found not guilty of rape. [*Id*. at 4–6.] The grievance was denied on the basis that CDCR regulations provide that a R suffix may be applied at the discretion of a classification committee when an inmate has a record of arrest, detention, or charge with a sex offense, and Plaintiff's rape charge was dismissed before trial. [*Id*.]

Plaintiff claims he has been wrongly subjected to classification as a violent sex offender based on a false accusation of rape in violation of the Eighth and Fourteenth Amendments, and that, as a result, he was raped by cellmates at Folsom State Prison in 1989 and at Pelican Bay State Prison in 1995. [Complaint at 3–5.] He names as Defendants the CDCR, the Wardens of RJD, Folsom State Prison and Pelican Bay State Prison, and California Governor Newsom. [*Id*. at 1–5.] He requests the removal of the R suffix from his custody designation, that all three wardens be disqualified as peace officers and fired, $199.80 trillion dollars in damages, and "a tablet and charger and earphones so I can see movies and hear music." [*Id*. at 3–5, 7.]

**c. Discussion**

Plaintiff first alleges his Fourteenth Amendment rights are being violated due to the R suffix attached to his custody designation. A prisoner has a liberty interest protected by the Fourteenth Amendment's Due Process Clause where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995). Thus, the classification of Plaintiff as a sex offender can rise to the level of a due process violation only if the R suffix is coupled with treatment that imposes atypical and significant hardship in relation to the ordinary incidents of his prison life. *See Neal v. Shimoda*, 131 F.3d. 818, 830 (9th Cir. 1997) ("[T]he

stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections."). Where an inmate has been previously convicted of a sex offense after formal criminal proceedings, he "has received the minimum protections required by due process" and "[p]rison officials need do no more than notify such an inmate that he has been classified as a sex offender because of his prior conviction for a sex crime." *Id*. at 831. However, when an inmate "has never been convicted of a sex offense and has never had an opportunity to formally challenge the imposition of the 'sex offender' label in an adversarial setting[,]" he is entitled to written notice of the reasons for his classification and a hearing where he is given "an opportunity to call witnesses and present evidence to challenge the imposition of that classification." *Id*. at 830–31 & n.14 (citing *Wolff v. McDonnell*, 418 U.S. 539, 567 (1974)).

Plaintiff does not allege facts sufficient to show that his classification as a sex offender infringed on a protected liberty interest or that he was not provided with the requisite procedural protections upon his classification. There are no facts showing the classification was coupled with mandatory behavior modification or imposed any other kind of atypical and significant hardship. Even if Plaintiff could make such a showing, there are no allegations regarding any procedural protection he was denied when the R suffix was added to his custody designation by the classification committee. *See Sandin*, 515 U.S. at 484; *Neal*, 131 F.3d. at 830–31; *Wolff*, 418 U.S. at 567.

Regarding the allegations of rape in 1989 and 1995, the Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Plaintiff's allegations of rape fail to plausibly state a claim because they are entirely conclusory with no accompanying factual allegations. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to satisfy the plausibility standard required to

state a claim for relief.). In addition, having occurred over 30 years ago, they appear to be well outside the statute of limitations. *See U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (a claim may be dismissed as untimely "when the running of the statute [of limitations] is apparent on the face of the complaint."). The statute of limitations for a cause of action under 42 U.S.C. § 1983 is the statute of limitations established by the forum state for personal injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The statute of limitations for a 42 U.S.C. § 1983 claim brought in California is two years, with a potential additional two years of tolling while a prisoner is incarcerated. *See* Cal. Code Civ. P. § 335.1 (establishing a two-year statute of limitations for personal injury actions); *Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018) (when a federal court applies the forum state's statute of limitations, the court also applies the forum state's tolling rules); Cal. Code Civ. P. § 352.1(a) (providing for tolling up to a maximum of two years for plaintiffs incarcerated for terms of less than life).

Accordingly, the Court finds that Plaintiff's Complaint fails to state a plausible claim for relief and is therefore subject to *sua sponte* dismissal in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

**d. Leave to Amend**

Because Plaintiff is proceeding pro se, the Court will grant an opportunity to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

## III. CONCLUSION

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP. [Doc. No. 5.]

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding

month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), [Doc. No. 1], and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an amended complaint which cures all the deficiencies of pleading noted. Plaintiff's amended complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co. Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered "waived if not repled.").

If Plaintiff fails to file an amended complaint by **September 10, 2026**, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: July 27, 2026

Hon. Cathy Ann Bencivengo
United States District Judge