UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

TERRELL KEVIN HESTER,
CDCR #E-27183,

Plaintiff,

vs.

JEFFREY MACOMBER, Secretary of the CDCR, RALPH ACEVEDO, Warden of RJD, and DOES 1–10,

Defendants.

Case No.: 3:26-cv-1062-CAB-MMP

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND**

**[Doc. No. 7]**

Plaintiff Terrell Kevin Hester is a state prisoner housed at the R. J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding pro se and *in forma pauperis* ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983. On July 27, 2026, the Court granted Plaintiff leave to proceed IFP and dismissed his complaint for failure to state a claim. [Doc. No. 6.] Plaintiff has now filed a First Amended Complaint. [Doc. No. 7 ("FAC").]

**I. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

**A. Standard of Review**

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte*

dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) ("section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim"); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing dismissal of a complaint under 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B. Allegations in the FAC**

Plaintiff alleges that a classification committee of the California Department of Corrections and Rehabilitation ("CDCR") added an R suffix, which designates a sex offender, to his custody designation on November 17, 2009, and an auditor approved the R suffix on April 20, 2010. [FAC at 4.] Plaintiff was informed that the R suffix, a "sex

administrative determinant," was added on the basis that CDCR regulations provide that it may be applied at the discretion of a classification committee when an inmate has a record of arrest, detention, or charge with a sex offense, and Plaintiff had been charged with rape, although the charge was dismissed before trial. [*Id*. at 8.]

Plaintiff claims that on May 14, 2025, while housed at RJD, he appeared at an annual classification hearing where Defendants John Does 1–5 and Jane Does 1–5 (together, "Doe Defendants") failed to afford him the right to present exculpatory evidence in the form of the victim's autopsy report which he alleges showed no evidence of rape. [*Id*. at 4–5.] He further alleges that they failed to provide a written statement of evidence relied on or the reasons why the R suffix was not removed. [*Id*. at 5.] Plaintiff alleges that the R suffix affects his eligibility for release on parole because the parole board requires him to admit to a rape he denies committing and to complete a mandatory victim-impact class addressing that alleged offense. [*Id*. at 5–6.] Plaintiff claims that the Doe Defendants denied him his right to procedural due process, and he seeks injunctive relief to compel Defendants Secretary of the CDCR Macomber and RJD Warden Acevedo to remove the R suffix as well as compensatory damages. [*Id*. at 7.]

## II. DISCUSSION

A prisoner has a liberty interest protected by the Fourteenth Amendment's Due Process Clause where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1985). The classification of Plaintiff as a sex offender can rise to the level of a due process violation only if the R suffix is coupled with treatment that imposes atypical and significant hardship in relation to the ordinary incidents of his prison life. *See Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections."). Where an inmate has been previously convicted of a sex offense after formal criminal proceedings,

he "has received the minimum protections required by due process" and "[p]rison officials need do no more than notify such an inmate that he has been classified as a sex offender because of his prior conviction for a sex crime." *Id*. at 831. However, when an inmate "has never been convicted of a sex offense and has never had an opportunity to formally challenge the imposition of the 'sex offender' label in an adversarial setting," he is entitled to written notice of the reasons for his classification and a hearing where he is given "an opportunity to call witnesses and present evidence to challenge the imposition of that classification." *Id*. at 830–31 & n.14, citing *Wolff v. McDonnell*, 418 U.S. 539, 567 (1974).

As Plaintiff notes, he had a hearing regarding the R suffix classification on May 14, 2025. [FAC at 5.] Plaintiff alleges the classification committee did not consider evidence that the victim was not raped and did not provide him a written statement of the reasons for refusing to remove the R suffix. [*Id.* at 4–5.] However, Plaintiff indicates in both the original complaint, [*see* Doc. No. 1-2 at 6], and in the FAC, [*see* Doc. No. 7 at 8], that the R suffix was attached because he was charged with rape, notwithstanding that the charge was dismissed before trial. Plaintiff attached to both the original complaint, [*see* Doc. No. 1-2 at 6], and the FAC, [*see* Doc. No. 7 at 8], a written statement of the reasons why the R suffix was not removed. He was instructed that it was initially imposed "based on the information noted within the Police Report and the District Attorney comments, linked to appellant's instant offense, as required pursuant to Title 15, section 3377.1(b)(5)." [FAC at 8.] Plaintiff was told it was not removed because he "was not acquitted or found not guilty in a court of law, just not prosecuted. The charge was dismissed before trial. Therefore, this offense may still be used for application of the 'R' suffix, pursuant to regulations. [The] Committee reviewed the totality of circumstances and deemed the 'R' suffix warranted. The Auditor affixed the 'R' suffix on April 20, 2010. Based on a preponderance of the evidence available at the time of review, there was no violation of policy." [*Id.*] Therefore, his rape charge was sufficient to apply the R suffix, and the prison officials did not have to consider his proffered evidence regarding the victim's autopsy report showing no evidence of rape. *See Wolff*, 418 U.S. at 566 (holding that prison

officials may choose to disregard evidence for reasons of "irrelevance, lack of necessity, or the hazards presented in individual cases"). Plaintiff has once again failed to plausibly allege he was denied any procedural due process protection. *See Sandin*, 515 U.S. at 484; *Neal*, 131 F.3d at 830–31 & n.14; *Wolff*, 418 U.S. at 567.

Accordingly, the Court finds that Plaintiff's FAC fails to state a plausible claim for relief and is therefore subject to *sua sponte* dismissal in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

**A. Leave to Amend**

Because Plaintiff is proceeding pro se, the Court previously granted an opportunity to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted). However, it is now clear that Plaintiff is unable to state a procedural due process claim because he has repeatedly shown that he received all the process he was due under the federal Constitution regarding his challenge to the R suffix, namely, a hearing before a classification committee where he was entitled to present *relevant* evidence and thereafter given a written statement of the reasons for the decision to retain the R suffix. *See Neal*, 131 F.3d at 830–31 & n.14; *Wolff*, 418 U.S. at 566–67. Accordingly, the FAC is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) without further leave to amend. *See Schmier v. U.S. Ct. of Appeals for the Ninth Cir.*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend).

///

///

///

///

///

///

## III. CONCLUSION

For the reasons explained, the Court **DISMISSES** Plaintiff's First Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) without further leave to amend.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

Dated: October 13, 2026

Hon. Cathy Ann Bencivengo
United States District Judge